UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES STALEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-CV-2372 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

On April 30, 2015, movant pled guilty to four counts of wire fraud in violation of 18 U.S.C. § 1343. On August 19, 2015, the Court sentenced movant to a total term of 84 months' imprisonment and three years of supervised release. Movant did not appeal.

On September 30, 2015, movant filed a *pro se* motion to rescind his guilty plea, asserting that the Court lacked jurisdiction over him, challenging the constitutionality of various criminal statutes and sentencing guidelines and asserting that his criminal rights were violated. In essence, movant claimed to be a sovereign citizen. The Court denied movant's motion on November 6, 2015.

On March 27, 2017, movant filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 791. The Court denied movant's motion on May 2, 2017. *See* Docket No. 135.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on August 19, 2015. Fed.

R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about September 2, 2015. The instant motion was signed by movant on August 16, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 22nd day of August, 2019.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE