UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES STALEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2372 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of movant's response to this Court's order to show cause. (ECF No. 2). Having carefully reviewed the response, the Court concludes that movant's arguments are without merit and the instant action is time-barred under 28 U.S.C. § 2255. This case will be dismissed without prejudice.

**Background**

On April 30, 2015, movant pled guilty to four counts of wire fraud in violation of 18 U.S.C. § 1343. On August 19, 2015 the Court sentenced movant to a total term of 84 months' imprisonment and three years of supervised release. Movant did not appeal.

On September 30, 2015, movant filed a self-represented motion to rescind his guilty plea, asserting that the Court lacked jurisdiction over him, challenging the constitutionality of various criminal statutes and sentencing guidelines and asserting that his criminal rights were violated. In essence, movant claimed to be a sovereign citizen. The Court denied movant's motion on November 6, 2015.

On March 27, 2017, movant filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 791. The Court denied movant's motion on May 2, 2017.

**Show Cause Order**

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because movant in this case did not file an appeal, his criminal judgment became final fourteen days after the judgment was entered on August 19, 2015. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on or about September 2, 2016. Movant filed a motion to vacate, set aside or correct sentence approximately three years later on August 19, 2019. (ECF No. 1). Because the motion appeared to be time-barred, on August 22, 2019, the Court ordered movant to show cause as to why this case should not be dismissed as untimely. (ECF No. 2).

## Show Cause Response

On September 19, 2019, movant filed a response to the Show Cause Order stating that "his § 2255 Petition should not be dismissed as time-barred because the period from August 18, 2015 through August 17, 2018 is equitably tolled resulting from extraordinary circumstances outside of [his] control." (ECF No. 5 at 1). According to movant, his trial attorney ignored his "pre-sentence and post-sentence requests to get a copy of his contract and case file" so he could "work on an appeal." *Id.* at 6. Movant states that "over one year after he was sentenced, in response to frequent and repeated requests," his trial attorney "finally released his file" to his wife. *Id.* at 7. However, movant states he still could not get access to his case file because prison officials at the institution he was incarcerated in "blocked [his] access" to the file. *Id.* Plaintiff alleges his wife "tried to get the file to [him] by sending a few pieces in at a time, none of which ever made it in." *Id.*

On an unidentified date subsequent to his wife's receipt of the case file, movant alleges he hired a law firm to review his case. On August 17, 2018, movant alleges he received a report from the firm "outlining the grounds and facts upon which his August 2019 § 2255 is built." *Id.* at 8. Movant alleges it was not until August 17, 2018 when he discovered the following material facts: (1) his attorney induced him to plead guilty by "saying that the technical definition of fraud included accidental fraud"; (2) his defense team "willfully concealed" a "four page exculpatory document"; and (3) the prosecutor sent his attorney emails "discussing a significantly lower sentence." *Id.* at 5.

In summary, movant alleges that because his trial attorney failed to timely provide him with his client file and prison officials prevented his wife from giving him a copy of his file, he

was unable to discover the information needed to timely file a § 2255 motion and, thus, he is entitled to equitable tolling.

## Discussion

On August 19, 2015, the Court sentenced movant to a term of 84 months' imprisonment and three years of supervised release. Movant did not appeal and therefore his criminal judgment became final fourteen days after the judgment was entered. As a result, the one-year period of limitations under § 2255(f) expired on or about September 2, 2016. The instant § 2255 motion was signed by movant on August 16, 2019. This § 2255 motion is time-barred.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* The Court has provided notice to the movant and carefully considered his arguments in response. The Court finds that movant's arguments lack legal merit. This case will be dismissed as time barred.

### I. Equitable Tolling

Under the doctrine of equitable tolling, the statutory limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness

of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650. The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).

### A. Access to Legal Files from Former Trial Attorney

The equitable tolling doctrine does not apply as a result of the retention of plaintiff's case file by his trial attorney. Movant's argument for equitable tolling rests on his trial attorney's post-conviction conduct. Movant states that he and his wife repeatedly sought to obtain a copy of his contract and case file, but his trial attorney failed to respond and retained the files. As a result, movant maintains that he was ill-prepared to develop the claims presented in his § 2255 motion. Plaintiff alleges his wife eventually received his case file at some unspecified time after the one-year limitations period ended and he submitted his file to a new law firm that drafted his basis for a § 2255 motion.

The Eighth Circuit has noted that "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" for the application of equitable tolling. *Martin*, 408 F.3d at 1093. It is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Id.* (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). *See also Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (finding no equitable tolling where attorney lacked knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could

5

not assist in her defense, and stated that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (finding no equitable tolling where attorney's false representations about petition did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding no equitable tolling where counsel confused about applicable statute of limitations). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463.

"The Eighth Circuit has twice held that a Movant's inability to obtain a trial transcript does not justify equitable tolling." *Castro-Gaxiola v. United States*, 665 F. Supp. 2d 1049, 1052 (W.D. Mo. Sept. 30, 2009) (citing *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (holding that delays in obtaining trial transcript did not extend the limitations period in part because "possession of a transcript . . . is not a condition precedent to the filing of such proceedings.")). "Like a trial transcript, Movant's possession of his former attorney's case file was not a prerequisite to filing his § 2255 motion." *Id. See also United States v. Denny*, 694 F.3d 1185, 1191-92 (10th Cir. 2012) (attorney's delay in forwarding case records did not warrant equitable tolling in part because petitioner did not show that he diligently tried to obtain the documents from another source, such as the court's docket); *United States v. Reed*, 2003 WL 27385434, at *2 (D.N.M. Mar. 7, 2003) ("tolling is not an available remedy for lack of access to files and transcripts. Defendant had nearly three years to obtain these materials, and he makes no allegation that he sought an order from this Court directing former counsel to turn over documents.").

This Court has addressed arguments similar to those presented by movant here. In *Turk v. United States*, 2015 WL 4771602 (E.D. Mo. Aug. 12, 2015), the movant argued "his attorney essentially abandoned him by failing to provide him with requested documents and access to his file." *Id.* at *2. The Court held the "allegation that defense counsel failed to provide requested documents constitutes mere negligence or error – not extraordinary circumstances that would warrant equitable tolling." *Id.* (citing *Sellers v. Burt*, 168 Fed. Appx. 132 (8th Cir. 2006) (failure to communicate with petitioner and return case file did not constitute "extra ordinary circumstances" beyond his control to warrant equitable tolling)).

Movant's assertions about ineffective assistance of counsel are insufficient to allow equitable tolling. In this case, movant alleges that his former trial attorney failed to provide him with his "contract and case file" after his conviction which prevented him from filing a § 2255 motion. Movant does not explain what specific measures he took to contact his trial attorney, the dates he attempted to make contact, or whether he sought an order from this Court directing his former counsel to turn over documents. Movant also does not indicate the date in which his case file was provided to his wife. Nothing alleged by movant indicates that there were extraordinary circumstances beyond his control that prevented him from filing his motion on time. The allegations against his former counsel are not so outrageous or incompetent as to render it extraordinary. In addition, movant demonstrated no diligence in pursuing his post-conviction rights regardless of the lack of access to his "contract and case file." Equitable tolling is not justified here.

### B. Access to Legal Files from Prison Officials

Movant alleges his wife received the case file from his former trial attorney at some unspecified date *after* the one-year limitations period. Movant then alleges prison officials intentionally and deliberately blocked his access to the case file because his wife "tried to get the file to [him] by sending a few pieces in at a time, none of which ever made it in[.]" These allegations are insufficient to justify equitable tolling.

Movant does not sufficiently allege that the actions of the prison officials prevented him from filing a timely petition. There must be a causal connection between the unavailability of the file and the late filing. *See Donaby v. United States*, 2016 WL 1555126, at *3 (E.D. Mo. Apr. 18, 2016) (movant must show the unavailability of materials prevented petitioner from filing his petition); *Donaby v. United States*, 2016 WL 1555126, at *3 (E.D. Mo. Apr. 18, 2016) (citing *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (lack of access to case law during relevant time period was not an impediment for purposes of statutory tolling because there was no showing it prevented petitioner from filing his petition)); *Mateos v. West*, 357 F.Supp.2d 572, 578 (E.D.N.Y. 2005) (declining to apply equitable tolling because movant failed to demonstrate how the destruction of his case file by prison officials affected his ability to file his motion). Here, movant alleges the prison officials prevented him from having access to his case file *after* the one-year deadline for filing the § 2255 had already passed, thus, evidencing that the alleged actions of the prison officials were not the proximate cause of his untimely filing.

Moreover, even if movant had properly alleged that he was prevented by prison officials from reviewing his case file prior to the one-year limitations deadline, the Eighth Circuit has consistently held that a prisoner's lack of access to legal resources, on its own, does not

warrant equitable tolling. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED and DISMISSED AS TIME-BARRED**.   Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of April, 2020.

                                                   E. RICHARD WEBBER
                                                   UNITED STATES DISTRICT JUDGE